**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Guillermo Renteria-Novoa,

     Petitioner,

v.

Brian Williams, et al.,

     Respondents.

Case No.: 2:23-cv-01106-JAD-BNW

**Order Denying Motion to Dismiss and Directing Answer to Petition by June 20, 2025**

[ECF Nos. 31, 33]

     Guillermo Renteria-Novoa brings this habeas corpus proceeding under 28 U.S.C. § 2254 to challenge his 2012 conviction for numerous sex offenses. Respondents move to dismiss several claims from Renteria-Novoa's first-amended habeas petition[1] as not cognizable, unexhausted, or procedurally defaulted.[2] Because Grounds 1–5 and 12 are exhausted and cognizable, I deny the respondents' motion to dismiss those claims. And although the parties agree that subparts C, D, and E of Ground 11 are procedurally defaulted, I defer until merits review a decision on whether Renteria-Novoa can establish cause and prejudice to overcome that default. So I direct the respondents to file an answer to the first-amended petition by **June 20, 2025.**

**Background**

     In 2012, a jury sitting in the state district court for Clark County, Nevada, found Renteria-Novoa guilty of 15 counts of sexual assault of a minor under 14 years of age, 8 counts of sexual

---

[1] ECF No. 15.

[2] ECF No. 33.

assault of a minor under 16 years of age, 4 counts of sexual assault, 6 counts of lewdness with a minor under 16 years of age, and 3 counts of open or gross lewdness.[3]  Evidence presented at trial established that, over a period of many years, Renteria-Novoa had sexual relations with R.P, the teenage daughter of his ex-girlfriend.[4]  The court sentenced Renteria-Novoa to multiple life sentences with the possibility of parole after 85 years.[5]  A judgment of conviction was entered in September 2012.[6]  Renteria-Novoa appealed, and in September 2014 the Supreme Court of Nevada affirmed.[7]

In February 2015, Renteria-Novoa filed a pro se state habeas petition and motion for appointment of counsel in the state district court.[8]  The court denied both.[9]  On appeal, the Supreme Court of Nevada remanded the case because the lower court erred when it denied Renteria-Novoa counsel.[10]  With the assistance of appointed counsel, Renteria-Novoa filed supplemental briefing in support of his petition.[11]  The district court held an evidentiary hearing in December 2019[12] and entered an order denying the supplemented petition in May 2022.[13]

---

[3] ECF No. 27-5.

[4] ECF No. 27-39 at 3.

[5] ECF No. 27-10.

[6] *Id.*

[7] ECF Nos. 27-11, 27-39.

[8] ECF Nos. 27-40, 27-41.

[9] ECF Nos. 27-44, 28-1.

[10] ECF No. 28-12.

[11] ECF No. 28-18.

[12] ECF No. 28-22.

[13] ECF No. 28-25.

Renteria-Novoa appealed.[14]  In April 2023, the Nevada Court of Appeals entered an order affirming the lower court's decision.[15]

In July 2023, Renteria-Novoa submitted the federal petition that initiated this case.[16]  I appointed the Federal Public Defender for Nevada to represent him and, in March 2024, he filed a counseled first-amended petition.[17]  Respondents now move to dismiss that petition, contending that Grounds 2, 4, 5, and 12 are not cognizable, subparts C, D, and E of Ground 11 are procedurally defaulted, and Grounds 1, 3, 4, and 12 are unexhausted.

## Discussion

**A.    Relevant legal standards**

### 1.    Claims are cognizable on federal habeas review only if a federal constitutional or statutory right is implicated by the facts.

A state prisoner is entitled to federal habeas relief only if he is being held in custody in violation of the Constitution, laws, or treaties of the United States.[18]  Unless an issue of federal constitutional or statutory law is implicated by the facts presented, the claim is not cognizable under federal habeas corpus.[19]  A petitioner may not "transform a state-law issue into a federal one merely by asserting a violation of due process."[20]  Alleged errors in the interpretation or application of state law do not warrant habeas relief.[21]

---

[14] ECF No. 28-26.

[15] ECF No. 28-42.

[16] ECF No. 1.

[17] ECF Nos. 8, 15.

[18] 28 U.S.C. § 2254(a).

[19] *Estelle v. McGuire*, 502 U.S. 62, 68 (1991).

[20] *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996).

[21] *Hubbart v. Knapp*, 379 F.3d 773, 779–80 (9th Cir. 2004).

### 2.   *Petitioners must first exhaust their claims in state court before seeking federal habeas review.*

Because a federal habeas petitioner incarcerated by a state must give the state courts a fair opportunity to act on each of his claims before he presents them in a federal habeas petition, federal courts will not consider a petition for habeas relief until the petitioner has properly exhausted his available state remedies for all claims raised.[22]   A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral-review proceedings.[23]   To properly exhaust state remedies on each claim, a habeas petitioner must "present the state courts with the same claim he urges upon the federal court."[24]   The federal constitutional implications of a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion.[25]

## B.   Ground 1 is exhausted.

In Ground 1, Renteria-Novoa alleges that "[t]he trial court violated [his] right to a fair trial and the equal protection clauses of the Sixth and Fourteenth Amendments by denying challenges to discriminatory practices prohibited by *Batson v. Kentucky*."[26] Respondents argue that the claim is unexhausted because the *Batson* claim Renteria-Novoa presented the Nevada courts alleged prosecutorial error, but the claim he presents to this court

---

[22] *See Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998).

[23] *O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999); *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc).

[24] *Picard v. Connor*, 404 U.S. 270, 276 (1971).

[25] *Woods v. Sinclair*, 764 F.3d 1109, 1129 (9th Cir. 2014); *Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005) (stating that fair presentation requires both the operative facts and federal legal theory upon which a claim is based).

[26] ECF No. 15 at 7.

alleges trial-court error.  This is a distinction without a difference here.  Relying on essentially the same facts, Renteria-Novoa's argument in both state court and this court is that jury selection was tainted by racial and gender discrimination in violation of *Batson*.[27]  So I conclude that Ground 1 is exhausted.

**C.    Ground 2 is a cognizable federal habeas claim.**

In Ground 2, Renteria-Novoa alleges that "[t]he State failed to allege with adequate specificity the acts constituting the charged crimes in the Information, violating [his] right to due process and a fair trial under the Fourth, Sixth, and Fourteenth Amendments."[28]  Respondents argue that the claim is not cognizable because Renteria-Novoa's challenge to the contents of a charging document is "a matter of state law that fails to provide a substantive liberty interest," citing to Nevada's statue describing what a criminal information must contain under state law.[29]

Respondents misconstrue Renteria-Novoa's challenge and ignore the Sixth Amendment's guarantee that a defendant must be "informed of the nature and cause" of criminal charges to be presented at trial.[30]  Federal case law provides that a criminal defendant must have "reasonable notice of a charge against him, and an opportunity to be heard in his defense."[31]  Ground 2

---

[27] *Compare* the claim alleged in Renteria-Novoa's argument on direct appeal (ECF No. 27-29 at 24-31) *with* Ground 1 (ECF No. 15 at 7-12).

[28] ECF No. 15 at 12.

[29] ECF No. 33 at 6 (citing Nev. Rev. Stat. § 173.075).

[30] U.S. Const., Amend. VI.  The respondents' only citation, to *Bonin v. Calderon*, 59 F.3d 815, 841–842 (9th Cir. 1995), doesn't support their position.  *Bonin* concerned a challenge to a state law that gave "the defendant in a capital case the right to have two defense attorneys argue [o]n his behalf."  *Id.* at 841.  The Ninth Circuit held that the state law didn't create a constitutionally protectable liberty interest and was thus not cognizable in federal habeas.  *Id.* at 842.  That holding has no impact on Renteria-Novoa's claim that the information in his case violated the Sixth and Fourteenth Amendments.

[31] *In re Oliver*, 333 U.S. 257, 273 (1948); *see also Cole v. Arkansas*, 333 U.S. 196, 201 (1948) ("No principle of procedural due process is more clearly established than that notice of the specific charge, and a chance to be heard in a trial of the issues raised by that charge, . . . are

5

alleges that the information containing the charges against Renteria-Novoa did not satisfy those constitutional standards.[32]  Indeed, the claim doesn't even mention the state law that the respondents contend that it arises under—Renteria-Novoa cites only federal constitutional law to support his arguments.[33]  So I conclude that Ground 2 states a cognizable claim for habeas relief.

**D.    Ground 3 is exhausted.**

In Ground 3, Renteria-Novoa alleges that "[t]he trial court violated [his] rights under the Fifth, Sixth and Fourteenth Amendments by refusing [sic] him to present crucial evidence of R.P.'s pregnancy in his defense."[34]  Respondents argue that Ground 3 is unexhausted in part because it includes "portions" that Renteria-Novoa failed to present on direct appeal.[35]  Respondents do not identify, and I am unable to discern, the "portions" that they are referring to. But, based on my review of the relevant state-court argument,[36] I conclude that Ground 3 is exhausted.

**E.    Ground 4 is cognizable and exhausted.**

In Ground 4, Renteria-Novoa alleges that '[t]he trial court's admissions of R.P.'s prior, out-of-court statements violated [his] right to confront witnesses under the Sixth and

---

among the constitutional rights of every accused in a criminal proceeding in all courts, state or federal."); *Gautt v. Lewis*, 489 F.3d 993, 1005–08 (9th Cir. 2007) (granting habeas relief because the defendant's charging document did not provide adequate notice of the charges brought, as required by the Sixth and Fourteenth Amendments).

[32] *See* ECF No. 15 at 12–15.

[33] *Id.*

[34] *Id.* at 15.

[35] ECF No. 33 at 10.

[36] *See* ECF No. 27-29 at 34–38.

Fourteenth Amendments."[37]  Respondents argue that the claim is both not cognizable and unexhausted because Renteria-Novoa didn't specifically identify his claim on direct appeal as one concerning his federal constitutional right to confront witnesses.[38]

Respondents' argument goes only to whether Ground 4 is exhausted, not whether it states a cognizable federal habeas claim.  Ground 4 clearly alleges a violation of Renteria-Novoa's constitutional rights, so it is a cognizable claim.[39]  It is also exhausted because, on direct appeal, Renteria-Novoa argued that the trial court's admission of prior out-of-court statements violated his Sixth and Fourteenth Amendment rights:

> The trial court's admission of [R.P's] prior out-of-court statements, and the leading and sometimes narrative fashion in which the prosecutor elicited them, violated Guillermo's constitutional and statutory rights.  USCA VI, XIV; Nev. Const. Art. 1, Sect. 8; NRS 51.035; NRS 50.115.  "In all criminal prosecutions, the accused shall enjoy the right … to be confronted with the witnesses against him …" U.S.C.A. VI; XIV.[40]

Because Renteria-Novoa raised the federal constitutional implications of Ground 4 before the state court, his claim is exhausted.

---

[37] ECF No. 15 at 20.

[38] ECF No. 33 at 6, 10.

[39] Respondents similarly move to dismiss Ground 5—that "repeated references to R.P. as the victim" violated Renteria-Novoa's due-process rights—on the basis that it is not cognizable because Renteria-Novoa "only referenced state case law when he presented Ground 5 on direct appeal."  ECF No. 33 at 6.  Respondents do not argue that Ground 5 fails to implicate any constitutional rights; it only argues that Renteria-Novoa didn't alert the state court to the federal nature of his claim.  That's more properly analyzed as an exhaustion issue.  Regardless, on direct appeal Renteria-Novoa argued that the repeated references to R.P. as a victim violated his federal due-process rights.  ECF No. 27-39 at 43.  So that claim is also cognizable and exhausted.

[40] ECF No. 27-29 at 40 (cleaned up).

1

2    **F.    Subparts C, D, and E of Ground 11 are technically exhausted but procedurally defaulted.**

3        Respondents argue that subparts C, D, and E of Ground 11 are procedurally defaulted.

4    These grounds each allege that Renteria-Novoa's trial counsel committed an error or omission

5    that placed counsel's performance below the constitutional standard for effective assistance of

6    counsel.  Respondents contend that these ineffective assistance of counsel (IAC) claims were

7    never presented to the Nevada courts and, because the state court would now dismiss them on

8    state procedural grounds, the claims are technically exhausted but procedurally defaulted.  This

9    application of the procedural-default doctrine has been recognized by the United States Supreme

10   Court, most recently in *Shinn v. Ramirez*.[41]

11       Renteria-Novoa does not dispute that the claims are procedurally defaulted.  He counters,

12   however, that the defaults can be excused under *Martinez v. Ryan*.[42]  Under *Martinez*, a habeas

13   petitioner can demonstrate cause to overcome the procedural default of a claim of ineffective

14   assistance of trial counsel by demonstrating that either (a) he had no counsel during the state

15   postconviction proceedings or (b) his counsel was ineffective under the standards of *Strickland v.*

16   *Washington*.[43]  "Because *Martinez* requires a showing that post-conviction counsel was

17   ineffective under the standards of *Strickland*, a petitioner who was represented by post-

18   conviction counsel in his initial-review collateral proceeding must show not only that his

19   procedurally defaulted trial-level IAC claim is substantial but also that there is 'a reasonable

20

21

22   _____

     [41] *Shinn v. Ramirez*, 596 U.S. 366, 378 (2022).

23   [42] *Martinez v. Ryan*, 566 U.S. 1 (2012).

     [43] *Id.* at 14 (citing *Strickland v. Washington*, 466 U.S. 668 (1984)).

probability that the trial-level IAC claim would have succeeded had it been raised' by post-conviction counsel."[44]

Renteria-Novoa notes that, "if the Court has any doubts about whether post-conviction counsel provided ineffective assistance," he "would respectfully request an opportunity to seek leave to present additional evidence on this subject at an evidentiary hearing."[45]  The problem with this request is that the availability of evidentiary hearings in habeas cases is limited by 28 U.S.C. § 2254(e)(2).  That statute provides that, if a prisoner "has failed to develop the factual basis of a claim in State court proceedings," a federal court may hold "an evidentiary hearing on the claim" in only two circumstances, neither of which apply in this case.[46]

In *Shinn*, the Supreme Court held that the equitable rule announced in *Martinez* does not permit a federal court to ignore the limits imposed by 28 U.S.C. § 2254(e)(2) "because a prisoner's state postconviction counsel negligently failed to develop the state-court record."[47] The High Court explained that, "if [§ 2254(e)(2)] applies and the prisoner cannot satisfy its 'stringent requirements,' a federal court may not hold an evidentiary hearing—or otherwise consider new evidence—to assess cause and prejudice under *Martinez*."[48]  Renteria-Novoa makes no argument that the holding in *Shinn* does not apply to this court's consideration of his request for an evidentiary hearing.  So I am confined to the state-court record in determining

---

[44] *Rodney v. Filson*, 916 F.3d 1254, 1260 (9th Cir. 2019) (internal quotation and citation omitted).

[45] ECF No. 35 at. 9.

[46] 28 U.S.C. § 2254(e)(2)(A)(i)–(ii) (permitting an evidentiary hearing only if the at-issue claim relies on a retroactively applied "new rule of constitutional law" or a "factual predicate that could not have been previously discovered through the exercise of due diligence").  Renteria-Novoa doesn't argue that either circumstance applies to his IAC claims.

[47] *Shinn*, 596 U.S. at 371.

[48] *Id*. at 389.

1  whether he can also show that post-conviction counsel was ineffective under the *Strickland*

2  standard.

3          Regardless, the parties agree that this court should conduct its *Martinez* analysis after the

4  underlying IAC claims have been briefed on their merits.[49]  Because the question of procedural

5  default is intertwined with the underlying merits of Renteria-Novoa's IAC claims, I conclude

6  that a full merits briefing may assist with my determination, and waiting until that briefing has

7  been completed to address this question would best serve judicial efficiency.  So I defer until

8  merits review a decision on whether Renteria-Novoa has shown cause and prejudice to overcome

9  default for subparts C, D, and E of Ground 11.

10  **G.    Respondents' motion to dismiss Ground 12 is denied because, in the Ninth Circuit, cumulative-error claims are cognizable and courts must consider the cumulative**

11  **impact of substantive errors.**

12          In Ground 12, Renteria-Novoa alleges that "[c]umulative error prejudiced him in

13  violation of his due-process right to a fair trial as guaranteed by the Fifth, Sixth, and Fourteenth

14  Amendments."[50]  Citing various cases from other circuits, respondents contend (as they always

15  do) that cumulative-error claims are not cognizable on federal habeas review.[51]  It acknowledges

16  that the Ninth Circuit Court of Appeals has recognized cumulative-error habeas claims but

17  contends that the circuit split means that "whether the cumulative effect of errors is cognizable

18  under AEPDA is not 'clearly established.'"[52]  The Supreme Court has not resolved that split,

19  however, and the Ninth Circuit has consistently interpreted the Supreme Court's opinion in

20

---

21  [49] *See* ECF No. 35 at 9, ECF No. 36 at 8.

    [50] ECF No. 15 at 63 (cleaned up).

22  [51] *See* ECF No. 33 at 7 (citing *Williams v. Anderson*, 460 F.3d 789 (6th Cir. 2006); *Fisher v.*

23  *Angelone*, 163 F.3d 835 (4th Cir. 1998); and *Wainwright v. Lockhart*, 80 F.3d 1226, 1233 (8th Cir. 1996)).

    [52] *Id.*

*Chambers v. Mississippi* to establish the basis for a cumulative-error claim.[53]  I am bound by the Ninth Circuit's interpretation, so I find that Renteria-Novoa's cumulative-error claim is cognizable.

Respondents also argue that Ground 12 is unexhausted in part because some of the claims included in Renteria-Novoa's federal petition were not included when he presented his cumulative-error claims to Nevada's appellate courts in his direct appeal and his habeas proceeding.  Regardless of whether Renteria-Novoa fairly presented the same claim he asserts in Ground 12 to the Nevada courts, I am required by Ninth Circuit precedent to consider the cumulative impact of any substantial errors in determining whether he is entitled to habeas relief.[54]  I will, however, only consider claims of error that are properly before me in making that determination.  So I decline to hold that Renteria-Novoa's cumulative-error claim is unexhausted at this stage in the proceedings.

## Conclusion

IT IS THEREFORE ORDERED that respondents' motion to dismiss **[ECF No. 33] is DENIED**.

IT IS FURTHER ORDERED that a decision on whether subparts C, D, and E of Ground 11 are procedurally defaulted is deferred to the merits review.

---

[53] *See Parle v. Runnels*, 505 F.3d 922, 927 (9th Cir. 2007) ("The Supreme Court has clearly established that the combined effect of multiple trial-court errors violates due process where it renders the resulting criminal trial fundamentally unfair." (quoting *Chambers v. Mississippi*, 410 U.S. 284, 298 (1973) (cleaned up)); *see also, e.g., Michaels v. Davis*, 51 F.4th 904, 935–36 (9th Cir. 2022) (analyzing cumulative-error claim on habeas review); *Noguera v. Davis*, 5 F.4th 1020, 1051–52 (9th Cir. 2021) (same).

[54] *See Killian v. Poole*, 282 F.3d 1204, 1211 (9th Cir. 2002).

IT IS FURTHER ORDERED that the respondents' motion for leave to file exhibit under seal **[ECF No. 31]** is GRANTED.[55]

IT IS FURTHER ORDERED that respondents have until **June 20, 2025, to file an answer to Renteria-Novoa's first-amended habeas petition** [ECF No. 15].  The answer must contain all substantive and procedural arguments for all surviving grounds of the petition and comply with Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. § 2254.  In all other respects, the briefing schedule in the court's January 16, 2024, order [ECF No. 13] remains in effect.

Dated: April 21, 2025

_____
U.S. District Judge Jennifer A. Dorsey
April 21, 2025

---

[55] I find that there are compelling privacy reasons to restrict the public's access to Exhibit 52. *See Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).